### SETTLEMENT AGREEMENT AND GENERAL RELEASE

**THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE** ("Agreement") is made this 21st day of December, 2015 between and among Thomas Vanik (herein after "you") and ASSOCIATES PLUMBING, INC AND JAMES MAZZULLO (HEREAFTER "ASSOCIATES PLUMBING").

### RECITALS

A. The employment relationship between you and Associates Plumbing terminated on June 4, 2015.

B. Subsequently, you raised claims to Associates Plumbing regarding monies you believed Associates Plumbing owed to you relating to your employment.

C. You have alleged breach of contract, Fair Labor Standards Act claims, Maryland Wage and Hour in your complaint filed in U. S. District Court of Maryland 2015-02146 EH and have also indicated you have Maryland Wage Payment and collection claims and asked for attorneys' fees.

D. Associates Plumbing disputes your claims for monies owed, including those claims raised in your complaint.

E. The parties agree that a bona fide dispute exists regarding Associates Plumbing's liability for and what the amounts may be due for claims alleged.

F. Each party to this Agreement has been represented by counsel since the time you first raised your claims to Associates Plumbing, and counsel for each party has properly and thoroughly advised their respective clients of all legal rights and potential remedies.

G. Through lengthy negotiations, conducted by each party's respective counsel, the dispute regarding your claims has been settled.

H. The parties desire, without any concession or admission of unlawful conduct, liability, fault or wrongdoing, to enter

:2200786_
4046737_1

EXHIBIT A

Mr. Thomas Vanik
Page 2 of 8

into this Agreement to set forth the terms of the settlement.

NOW, THEREFORE, for and in consideration of the mutual promises set forth below, and with Recitals being incorporated by reference in, and made a part of, this Agreement, the parties agree as follows:

1. **CONSIDERATION.**

In exchange for the release and other promises set forth below, Associates Plumbing agrees to pay you, or on your behalf, the total sum of Nine Thousand Three Hundred Eleven Dollars and twenty-three cents ($9311.23) which shall consists of
  (1) Four Thousand Four Dollars ($4004.00) which will be treated as wages, with lawful payroll deductions, paid directly to you,
  (2) Three Thousand Two Hundred Fifty-five Dollars and twenty three cents ( $3255.23) which will be for attorneys fees and costs to be paid to your attorneys, Law Offices of Peter T. Nicholl, for attorneys fees on your behalf and
  (3) Two Thousand Fifty-Two Dollars ($2052.00) which will be treated as liquidated damages, and be paid directly to you within 7 calendar days of the court's approval of this settlement agreement.
Appropriate 1099's or wage statements will be issued for the above payments.

(b)   No payment shall be made or required until Associates Plumbing has received the appropriate Form W-9s or W-4 as required from you and Law Offices of Peter T. Nicholl respectively. The parties recognize that Mr. Vanik may have incurred attorneys' fees over and above those paid here as part of resolving this issue. You agree that to indemnify Associates Plumbing from any liability for failure to withhold taxes, including, but not limited to, any withholding, penalties, attorneys' fees and costs if the correct information is not provided under this paragraph and if the IRS decides that some of the payments are not liquidated damages. Attorneys fees and costs paid by you, Mr. Vanik will be limited to One thousand dollars ($1,000.00).

(c)   You affirm that the terms stated herein are the only consideration for your signing of this Agreement and that no other promise or agreement of any kind has been made to you by any person or entity whomsoever to cause you to execute this Agreement. You further represent and warrant that, except for amounts due pursuant to this

TCV.
Initials
21903633

Mr. Thomas Vanik
Page 3 of 8

Agreement, you have been paid all wages and any other remuneration due and owing to you from Associates Plumbing. You agree that you are receiving these payments in exchange for signing this Agreement. You also affirm and incorporate by reference the attached affidavit, <u>Exhibit B</u> by you concerning your understanding of the effects of this agreement.

2. **ASSOCIATES PLUMBING CONFIDENTIAL AND PROPRIETARY INFORMATION.**

(a) Should you be subpoenaed to (1) testify or (2) provide documents or information relating to Associates Plumbing, you must promptly provide Rebecca Strandberg, General Counsel, Associates Plumbing, 8607 Second Avenue, Suite 405A Silver Spring, MD 20910, a copy of the subpoena so that Associates Plumbing may take appropriate legal steps to protect its interests.

(b) In addition to the obligations set forth herein, you will continue to honor any confidential information requirements which were in place during your employment.

3.   **STATEMENTS AND ACTIONS.**

(a) <u>Parties Covenant of Non-Disparagement</u>. Plaintiff and Defendants covenant and agree that neither will disparage the other. Neither party will make any future allegations of any kind to anyone that either party engage in, or have engaged in, any wrongful conduct whatsoever with regards to wages paid to the Plaintiff. Plaintiff further covenant and agree that Plaintiff will not undertake any action to compromise or interfere in any way with the business and/or interests of Defendants with allegations of malicious withholding of employee overtime pay. For the purposes of this Agreement, "compromise or interfere" includes, but is not limited to, contacting current and/or former employees of Defendant to discuss any issue in any way related to the Lawsuit, this Agreement, and/or Plaintiff's claims. Defendant agrees that it shall provide a neutral reference only, stating the Plaintiff's dates of employment, position held, job duties, and that it is the Defendant's general policy to provide only this limited information. If Plaintiff provide a potential employer salary information, the Defendant will confirm or deny the accuracy of such information.

Defendants includes Associates Plumbing its employees, officers, directors, shareholders, vendors, clients, customers, products or services, business, technologies, market position, performance, employment practices

Initials ꓔꓛꓦ
2190363.15

Mr. Thomas Vanik
Page 4 of 8

or other similar information. The prohibitions in this paragraph apply to statements, comments or commentary: (1) to any individual, including but not limited to current or former employees, clients, customers, or consultants; (2) to any person or entity with which Associates Plumbing has or had a business relationship, including but not limited to any placement/employment agency; (3) on any current or future form of social media, list serves, or networking forums, such as Facebook, Linked-In; or (4) any other individual or entity, including but not limited to the press, any other media outlet, industry group, or financial institution.

4. **REMEDIES FOR BREACH.** Both parties acknowledge that any breach of Paragraphs 1, 2, 3, 4, 6, 7 and 9 (b) is a material breach of this Agreement and that, in the event of such any material breach of this Agreement by the other party, the injured party shall be entitled to all legal and equitable relief, including but not limited to injunctive relief. Both parties specifically agree that the other parties' failure to abide by the provisions of any of the above-referenced paragraphs shall (1) A breach by you shall entitle Associates Plumbing to the return of all payments, less $100.

5. **ATTORNEY'S FEES. The prevailing party** shall also be entitled to reasonable attorney's fees, costs or expenses incurred by it in enforcing any of its rights related to or arising out of this Agreement,

6. **CLAIMS AND LAWSUITS.** You agree to dismiss with prejudice all complaints and claims including and not limited to Civil Action 02146 filed in 2015 in the U. S. District Court of Maryland and not to file any other claims or complaints related to your employment with Associates Plumbing, Inc. or the facts alleged in the complaint in Civil Action 02146 filed in 2015 in the U. S. District Court of Maryland. You represent and warrant that no other claims, complaints, charges or other proceedings are pending in any court, administrative agency, commission or other forum relating directly or indirectly to your employment by Associates Plumbing. Except as described in Paragraph 15 below, both parties covenant not to file any suit, charge or complaint against the other Associates Plumbing in any court or administrative agency in connection with any claim arising out of your employment with Associates Plumbing or separation therefrom.

7. **GENERAL RELEASE.**

TCV.
Initials

Mr. Thomas Vanik
Page 5 of 8

(a) Based on the consideration described in Paragraph 1 above, which you agree is sufficient consideration; you, for yourself and your spouse, agents, heirs, beneficiaries, trustees, representatives, successors and assigns, releases and forever discharges Associates Plumbing, its management, employees, related or affiliated companies or entities, subsidiaries, successors, predecessors, agents, or assigns and the Associates Plumbing's welfare benefit plans and pension or deferred compensation plan under Section 401 of the Internal Revenue Code of 1954, as amended, and their trustees, administrators and other fiduciaries (collectively referred to for the purposes of this Section as "Released Parties") from any and all claims, known or unknown, that you have or may have against the Released Parties, including but not limited to those relating to or arising out of, directly or indirectly, your employment with Associates Plumbing and the termination thereof. This general release covers claims you have alleged in the complaint, and those claims mentioned above. This general release also covers claims that have accrued by the Effective Date of this Agreement, whether known or unknown. You understand that this means that, if you later discover facts different from or in addition to those facts currently known by you, the waivers and releases of this Agreement will remain effective in all respects. This general release is not intended to release Associates Plumbing's obligations as set forth in this Agreement.

**(b) The consideration provided for in Paragraph 1 of this Agreement is conditioned upon your executing both this Agreement, Affidavit which is <u>Exhibit B</u> as well as the Second General Release Agreement, attached hereto as <u>Exhibit A</u>. You agree to execute the Second General Release simultaneously with your receipt of the final payments called for in Paragraphs 1 (1) (2) and (3) of this Agreement. Failure to execute the Second General Release Agreement will be considered a material breach of this Agreement.**

8. <u>**NO ADMISSION.**</u> This Agreement shall not be deemed an admission by Associates Plumbing of any liability or any violation of any applicable law, rule, regulation or order of any kind.

**9. <u>MISCELLANEOUS.</u>**

(a) This Agreement is made and entered into in the State of Maryland, and shall in all respects be interpreted, enforced and governed by and under the laws of the State of Maryland. The interpretation of this Agreement shall be governed by the laws of the State of Maryland as well as the United States District Court for the District of Maryland in effect at the time this

Initials

Mr. Thomas Vanik
Page 6 of 8

Agreement is executed, without regard to conflict of laws provisions. You agree that any action, demand, claim or counterclaim relating to the terms and provisions of this Agreement, or to its breach, shall be commenced in the State of Maryland in a court of competent jurisdiction, and further acknowledges that venue for such actions shall lie exclusively in the State of Maryland and that material witnesses and documents would be located in the State of Maryland.

(b) The failure of the Associates Plumbing to seek enforcement of any provision of this Agreement in any instance or for any period of time shall not be construed as a waiver of such provision or of the Associates Plumbing's right to seek enforcement of such provision or any other provision of this Agreement in the future. This Agreement, including the attached Exhibit A to be subsequently executed, constitutes the entire Agreement of the parties regarding its subject matter and may be amended, modified, or supplemented only by written agreement executed by Associates Plumbing and you.

(c) The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. If any portion of this Agreement is found invalid, the parties agree to enter into a full and general Release by you that is not invalid.

10. **KNOWING AND VOLUNTARY WAIVER.** **You acknowledge that: (a) you have carefully read this Agreement and fully understands its meaning; (b) you have been given a reasonable time to consider the terms of this Agreement; (c) you engaged and have been advised by competent legal counsel before signing the Agreement; (d) you are signing this Agreement knowingly, voluntarily, and without any coercion or duress; and (e) everything you are receiving for signing this Agreement is described in the Agreement, and no other promises or representations of any kind have been made to cause you to sign it.**

11. **SIGNATURES.** The parties agree that this Agreement may be executed by facsimile or by PDF signatures transmitted by email.

12. **NON-INTERFERENCE.** **You are about to sign a Release Agreement that is for the protection of Associates Plumbing. The U.S. Equal Employment Opportunity Commission (EEOC) is concerned about you waiving certain rights. This Agreement is not intended or designed to infringe upon any EEOC rights, including your right to file a charge with or to communicate with or cooperate with the EEOC or any state**

Initials

Mr. Thomas Vanik
Page 7 of 8

or local Fair Employment Practices Agencies. **This Agreement will, however, restrict you from receiving any monetary damages or other relief beyond what is provided to you by this Agreement.**

13. **EFFECTIVE DATE AND REVOCATION PERIOD.** **You may revoke this agreement within 7 calendar days of when you signed it by providing a written copy of this agreement with the notation revoked, signed and dated by you to Rebecca N. Strandberg 8607 Second Avenue, Suite 405A, Silver Spring, MD. 20910 no later than 4 p.m. on that date.** The Effective Date of this Agreement is 7 business days after the Court's Approval of this settlement agreement which shall be submitted to the court by Mr. Vanik within 3 business days after the end of the revocation period and when no revocation has been received.

Associates Plumbing, Inc
By: *James Mazzullo*
JAMES MAZZULLO- PRESIDENT
Date 1-04-2016

By: *James Mazzullo*
JAMES MAZZULLO - INDIVIDUAL
DATE - 1-04-2016

_____
THOMAS VANIK

Date ∂\ of Dec initial _____ signature:

I Steven Lubar, attorney for Thomas Vanik, swear and affirm that I have represented Mr. Vanik during the negotiation of this agreement and have explained the provisions of this agreement to Thomas Vanik in a language that he can understand.

Date: 12/21/15
Attorney: _____

I, Thomas Vanik
Hereby Revoke this agreement this _____ Day

of _____, 2015.

_____

Initials
2190363 5

EXHIBIT A

## SECOND GENERAL RELEASE AGREEMENT

THIS GENERAL RELEASE AGREEMENT ("Release Agreement") is made this 21st day of December, 2015, between and among Thomas Vanik(hereinafter "you") and ASSOCIATES PLUMBING, INC. AND JAMES MAZZULLO (hereinafter "Employer").

### RECITALS

A. You and Employer entered into a Settlement Agreement and General Release Agreement on December, 21, 2015 (the "Settlement Agreement");

B. Paragraph 2 of the Settlement Agreement set forth the consideration that Employer agreed to provide to you in exchange for the release and other promises contained in the Settlement Agreement;

C. Pursuant to the terms of the Settlement Agreement, your receipt of the consideration provided for in Paragraph 2 of the Settlement Agreement was conditioned on your executing both the Settlement Agreement and this Second General Release Agreement.

NOW, THEREFORE, for and in consideration of the mutual promises set forth below and in the Settlement Agreement, the parties agree as follows:

1. **RELEASE.**

Based on the consideration described in Paragraph 2 of the Settlement Agreement, which you agree is sufficient consideration to which you are not otherwise entitled, you, for yourself and your spouse, agents, heirs, beneficiaries, trustees representatives, successors and assigns, releases and forever discharges Employer, its management, employees, related or affiliated companies or entities, subsidiaries, successors, predecessors, agents, or assigns and the Employer's welfare benefit plans and pension or deferred compensation plan under Section 401 of the Internal Revenue Code of 1954, as amended, and their trustees, administrators and other fiduciaries (collectively referred to for the purposes of this Section as "Released Parties") from any and all claims, known or unknown, that you have or may have against the Released Parties, including but not limited to those relating to or arising out of, directly or indirectly, your employment with Employer and the termination thereof. This general release:

a) covers claims that have accrued by the date this Release Agreement is executed by you, whether known or unknown. You understand that this means that, if you later discover facts different from or in addition to those facts currently known by you, the waivers and releases of this Agreement will remain effective in all respects;

b) includes release from complaints, allegations and/or legal pursuits that encompass however are not limited to, actions under federal, state or local employment and/or civil laws and regulations. Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, as amended; Sections 1981 through 1988 of Title 42 of the United States Code; the Older Worker Benefit Protection Act; the Age Discrimination in Employment Act, the Equal Pay Act, the Employee Retirement Income Security Act, the Rehabilitation Act, the Americans with Disabilities Act, the Family and Medical Leave Act, the Consolidated Omnibus Reconciliation Act of 1985 ("COBRA"), the Uniformed Service Employment and Reemployment Rights Act, the Worker Adjustment and Retraining Act, the Sarbanes-Oxley Act of 2002, the National Labor Relations Act, the Occupational Safety and Health Act, as amended, Maryland Wage Payment and Collection Act, Montgomery County and Maryland Human Rights laws, and any other similar Federal, state or local statutes are among the laws and regulations covered by this release of claims;

c) applies to claims based on theories of breach of contract or tort (wrongful act, damage or injury for which a civil suit may be brought), whether based in common law (law based on court decisions, on the doctrines implicit in those decisions, and on customs and usages), statutes or otherwise, including but not limited to claims for libel, fraud, wrongful discharge, promissory estoppel, *quantum meruit*, restitution or unjust enrichment;

d) applies to any claims based upon or alleging violations of any federal, state, or local retaliation or whistleblower laws or regulations;

e) applies to any claims arising out of any other federal, state or local laws relating to employment, employee benefits or the termination of employment, including unpaid or withheld wages, severance, benefits, bonuses, commissions and/or compensation of any kind;

f) is executed, on your part, on behalf of yourself and any of your heirs, representatives, successors, and assigns.

**THIS IS A GENERAL RELEASE.** You agree to execute this Release Agreement simultaneously with receipt by you of the final payments called for in Paragraphs 2 of the Settlement Agreement. You acknowledge that: (a) you have carefully read this Release Agreement and fully understands its meaning; (b) you have been given

2190427_1

2

a reasonable time to consider the terms of this Release Agreement; (c) you engaged and have been advised by competent legal counsel before signing the Release Agreement; (d) you are signing this Release Agreement knowingly, voluntarily, and without any coercion or duress; and (e) everything you are receiving or have received for signing this Release Agreement is described in the Settlement Agreement, and no other promises or representations of any kind have been made to cause you to sign it.

You are about to sign a Release Agreement that is for the protection of the Employer. The U.S. Equal Employment Opportunity Commission (EEOC) is concerned about you waiving certain rights. This Release Agreement is not intended or designed to infringe upon any EEOC rights, including your right to file a charge with or to communicate with or cooperate with the EEOC or any state or local Fair Employment Practices Agencies. This Release Agreement will, however, in conjunction with the Settlement Agreement, restrict you from receiving any monetary damages or other relief beyond what is provided to you by the Settlement Agreement.

| Associates Plumbing, Inc. | |
|---|---|
| By: *James Mazzullo* <br> JAMES MAZZULLO - PRESIDENT <br> Date 1-04-2016 | *[signature]* <br> Thomas Vanik <br> Date 21/Dec/2015 |
| *James Mazzullo* - INDIVIDUAL <br> James Mazzullo <br> Date: 1-04-2016 | |

I, Thomas Vanik, hereby swear and affirm under the penalties of perjury as follows:

I have been represented by The Law Offices of Peter T. Nicholl Law Firm et al and several of its attorneys in my case involving the breach of contract claims, Fair Labor Standards Acts claims, Wage and Hour claims and other claims referred to and released in the settlement agreement between me and Associates Plumbing, Inc and James Mazuollo executed by me on this _21st_ day of _December_, 2015.

These attorneys have explained to me my rights under the agreement in a language that I understand. I understand that I am giving up any rights to sue in the future for claims and am satisfied with the sums I am receiving. There is a dispute as to how much I was paid and how many hours I worked. I assert that the amounts paid cover any wages I may be owed under the Fair Labor Standards Act and/or the Maryland Wage and Hour Law and/or for any other claims.

I understand that if I try to sue or bring claims in the future or discuss the settlement with someone not authorized in the agreement I may be liable to return all of the moneys and pay additional moneys.

I am signing this agreement freely and voluntarily and not under duress.

I am satisfied with the representation of my attorneys who have explained litigation, the risks and benefits of signing this agreement and accepting this settlement. I have had the opportunity to discuss this thoroughly with them and with others as allowed by the agreement and have had the time to consider carefully the signing of this agreement.

_____
Thomas Vanik


State _Maryland_
County _Howard_

I _Benjamin L. Brooks_ solemnly swear and affirm under the penalties of perjury that either known to me or proven to be, Thomas Vanik h as signed the above affidavit of his own free will, under the penalties of perjury and with understanding of its effects on this _21st_ day of _December_, 2015

BENJAMIN D. BROOKS
Notary Public-Maryland
Howard County
My Commission Expires
1/30/18